OFFICE OF DISCIPLINARY COUNSEL *v.* RICH.

[Cite as *Disciplinary Counsel v. Rich* (1994), 69 Ohio St.3d 470.]

(No. 93–2517—Submitted March 22, 1994—Decided June 22, 1994.)

472

474

*Geoffrey Stern,* Disciplinary Counsel, and *Sally Ann Steuk,* Assistant Disciplinary Counsel, for relator.

*Charles W. Kettlewell,* for respondent.

*Per Curiam.* Respondent filed objections to the findings of fact, conclusions of law and recommendations of the board, arguing that the facts do not warrant a finding of a violation of DR 7–104(A)(2), which states:

"(A) During the course of his representation of a client a lawyer shall not:

" * * *

"(2) Give advice to a person who is not represented by a lawyer, other than advice to secure counsel, if the interests of such person are or have a reasonable possibility of being in conflict with the interests of his client."

We find that by preparing and submitting the legal documents on behalf of Katie Henninger and her child, respondent, in effect, gave advice to those persons whose interests were in conflict with his client, Dr. Sabatini. In particular, respondent arranged for the appointment of Marie Henninger and for the signing of the consent judgment entry by her on behalf of the child. Therefore, we adopt the findings and fact and conclusions of law of the board. Nevertheless, we find the discipline recommended to be too severe under all the facts and circumstances of the case. We therefore reduce the discipline to a public reprimand.

Costs taxed to respondent.

*Judgment accordingly.*

A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., dissents, adopts the recommendations of the panel and the board, and would suspend respondent from the practice of law for one year.